[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-14610
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2005
THOMAS K. KAHN
CLERK

BIA Nos. A95-221-684 & A95-221-685

AGNI GWIUBY ARANGO-ENRIQUEZ,
JULIANA MONCALLO-ARANGO, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____
(May 6, 2005)

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Agni Gwiuby Arango-Enriquez and her minor daughters, Juliana Moncallo-Arango and Daniela Moncallo-Arango, petition for review of the Board of Immigration Appeals' (BIA's) order denying their motion for reconsideration.

After review, we deny the petition.

The petitioners are from Colombia, and applied for political asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). The Immigration Judge denied their request for asylum and withholding of removal, as well as relief under CAT. The BIA affirmed the IJ's decision. The petitioners did not seek review of that decision.

Instead, the petitioners filed a motion for reconsideration before the BIA. The BIA determined that, "[w]hile [Arango-Enriquez] alleges that we failed to consider all of the relevant factors in her case, we misunderstood conditions in Colombia and that she continues to fear the guerillas, she has not specifically proven what evidence was ignored or misconstrued and how the law was misapplied." Accordingly, the BIA denied the petitioners' motion for reconsideration. Arango-Enriquez and her daughters petition for review of the BIA's denial of their motion for reconsideration.[1]

---

[1] To the extent that the petitioners seek review of the underlying decision denying them asylum, withholding of removal, and relief under CAT, this Court is without jurisdiction to consider such claims. As the Supreme Court has made clear, the filing of a motion for reconsideration before the BIA does not toll the 90-day period for filing a petition for review with this Court from the date of the final order of removal. See Stone v. INS, 514 U.S. 386, 405-06, 115 S. Ct. 1537, 1549 (1995); Dakane v. United States Att'y Gen., 371 F.3d 771, 773-74 n.3 (11th Cir. 2004). The final order of removal issued on May 27, 2004, when the BIA affirmed the IJ's order of removal. However, the petitioners did not file a petition for review in this case until

2

We review the BIA's denial of a motion to reconsider for an abuse of discretion.  See Assa'ad v. United States Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003), cert. denied, 125 S. Ct. 38 (2004).  "Judicial review of denials of discretionary relief incident to deportation proceedings . . . is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  See Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (internal quotation marks and citation omitted).

In their motion to reconsider, the petitioners raised the same arguments that they had previously raised in their initial appeal to the BIA, namely that the BIA (or the IJ) had failed to consider all relevant factors in their case.  In the order denying the motion to reconsider, the BIA noted that the petitioners had "not specifically proven what evidence was ignored or misconstrued and how the law was misapplied."  Because the petitioners failed to specify the errors of fact or law in the prior BIA decision, the BIA did not abuse its discretion when it denied their motion to reconsider.

**PETITION DENIED.**

---

September 9, 2004.  Although the petition for review is sufficiently timely to give this Court jurisdiction to consider the BIA's denial of the petitioners' motion for reconsideration, this Court is without jurisdiction to consider the underlying denial of asylum, withholding of removal, and relief under CAT.

3